UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD MOORHOUSE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1198** |
| **LIBERTY COUNTY MUTUAL INSURANCE COMPANY, ET AL.** | **SECTION: D (4)** |

## ORDER AND REASONS

Before the Court is an Unopposed Motion to Remand, filed by defendants, Liberty County Mutual Insurance Company, Safeco Insurance Company, and Jack Bandiera.[1]

After considering the Motion and the applicable law, for the reasons expressed below, the Unopposed Motion to Remand is **GRANTED** and this matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On or about December 16, 2022, Ronald Moorhouse ("Plaintiff") filed a Petition for Damages against Liberty County Mutual Insurance Company, Safeco Insurance Company, and Jack Bandiera (collectively, "Defendants") in Civil District Court for the Parish of Orleans, State of Louisiana, seeking damages from a motor vehicle accident that occurred on or about February 14, 2022.[2] On April 6, 2023, Defendants filed a Petition for Removal in this Court, asserting that the Court has subject matter jurisdiction over this case based upon 28 U.S.C. § 1332, diversity jurisdiction.[3]

---

[1] R. Doc. 8.
[2] R. Doc. 1-6 at pp. 4-6.
[3] R. Doc. 1 at ¶ 6.

On April 11, 2023, the Court issued an Order, advising Defendants that the Petition for Removal failed to show that the amount in controversy was likely to exceed $75,000 in this case.[4] As such, the Court gave Defendants until April 18, 2023 to file a comprehensive amended notice of removal that properly set forth the citizenship particulars of all of the parties and alleged sufficient facts to show the amount in controversy was satisfied at the time of removal, as required to establish diversity jurisdiction.[5] Pursuant to that Order, Defendants filed an Amended Notice of Removal on April 17, 2023.[6]

On April 25, 2023, the Court issued an Order striking the Amended Notice of Removal for failure to comply with the Court's April 11th Order, as Defendants again failed to allege sufficient facts to show that the amount in controversy was likely to exceed $75,000.[7] Specifically, Defendants relied upon Plaintiff's denial of two requests for admission wherein Plaintiff was asked to admit whether the amount in controversy exceeds $75,000, which the Court previously advised was insufficient to establish the amount in controversy.[8] The Court further advised that Defendants' reliance upon the fact that Plaintiff allegedly suffered disc herniations as a result of the underlying incident was likewise insufficient to show that the amount in controversy was satisfied without a surgery recommendation.[9] The Court gave

---

[4] R. Doc. 4.
[5] *Id.*
[6] R. Doc. 5.
[7] R. Doc. 6.
[8] *Id.* at p. 1 (*citing* R. Doc. 5-2 at pp. 2-3 & R. Doc. 4).
[9] R. Doc. 6 at pp. 1-2 (citing *Hitchens v. Bunch*, Civ. A. No. 21-1410, 2021 WL 5822639, at *5 (E.D. La. Dec. 8, 2021) (Milazzo, J.) (citing authority); *Sanderford v. Wal-Mart Inc.,* Civ. A. No. 19-292-JWD-EWD, 2019 WL 2179237, at *1 (M.D. La. May 20, 2019) (Wilder-Doomes, M.J.) ("[w]hether or not a herniated disc satisfied the amount in controversy often turns on whether surgery is recommended.")

Defendants until April 30, 2023 to file another amended notice of removal setting forth the citizenship particulars of the parties and alleging sufficient facts to show that the amount in controversy was satisfied at the time of removal, as required to establish that the Court has diversity jurisdiction over this case.[10]

Defendants opted not to file another amended notice of removal. Instead, Defendants filed the instant Unopposed Motion to Remand on May 17, 2023, asking the Court to remand the case back to state court because Defendants "have no further facts to show that amount [sic] in controversy was satisfied at the time of removal."[11] Defendants assert that, at this time, they have no evidence that Plaintiff has received a surgical recommendation, nor do Defendants believe that the known medical expenses incurred by Plaintiff at the time of removal are of a sufficient amount to change the Court's prior rulings.[12] Because Defendants have no other facts to show the amount in controversy was satisfied at the time of removal, Defendants ask that this matter be remanded to state court.[13] According to Defendants, Plaintiff does not oppose the Motion.[14]

## II.  LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[15] When original

---

(quotation and internal quotation marks omitted); *Robinson v. Kmart Corp.*, Civ. A. No. 11-12, 2011 WL 2790192, at *4, n.4 (M.D. La. Apr. 28, 2011) (Dalby, M.J.), *report and recommendation adopted*, 2011 WL 2937952 (M.D. La. July 14, 2011)).
[10] R. Doc. 6 at p. 3.
[11] R. Doc. 8 at p. 1.
[12] R. Doc. 8-1 at p. 4.
[13] *Id.*
[14] R. Doc. 8 at p. 2.
[15] 28 U.S.C. § 1441(a).

jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[16] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[17] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[18] The removing party has the burden of proving federal diversity jurisdiction.[19] If a defendant meets that burden, the plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to obtain a remand.[20] Remand is proper if at any time the court lacks subject matter jurisdiction.[21]

In Louisiana courts, plaintiffs may not specify the numerical value of a claim for damages and may receive relief not requested in the pleadings.[22] As such, a defendant seeking removal from Louisiana state court to federal court must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[23] According to the Fifth Circuit, a defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely

---

[16] 28 U.S.C. § 1332(a)-(a)(1).
[17] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[18] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[19] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[20] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).
[21] *See,* 28 U.S.C. § 1447(c).
[22] *Lottinger v. State Farm Fire and Cas. Co.*, Civ. A. No. 13-6193, 2014 WL 4403440, at *2 (E.D. La. Sept. 5, 2014) (Brown, J.) (*citing* La. Code Civ. P. arts. 893 & 862).
[23] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

above $75,000; or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.[24] If it is not "facially apparent" that a plaintiff's claims exceed the jurisdictional threshold, the court may rely on summary-judgment-type evidence to ascertain the amount in controversy.[25]

Remand is proper if at any time the court lacks subject matter jurisdiction.[26] Additionally, "federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties."[27] "Though a court may not *sua sponte* remand a case for procedural defects, § 1447(c) makes clear that a court must remand a case if it determines that it lacks subject matter jurisdiction."[28]

## III.   ANALYSIS

Applying the foregoing principles to the Petition for Removal, the Court finds that Defendants have failed to carry their burden of proving that the Court has diversity jurisdiction over this case. Plaintiff's state court Petition provides no information regarding his injuries or the amount in controversy regarding his alleged damages.[29] Instead, Plaintiff alleges that he has suffered several "harms and losses" including physical pain and suffering, mental anguish, loss of enjoyment of life,

---

[24] *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)) (internal quotation marks omitted).
[25] *Lottinger*, Civ. A. No. 13-6193, 2014 WL 4403440 at *2 (quoting *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003)) (internal quotation marks omitted).
[26] *See,* 28 U.S.C. § 1447(c).
[27] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).
[28] *Harrison v. Crowley Maritime Corporation*, 181 F. Supp. 3d 441, 443 (S.D. Tex. 2016) (citing *Coleman v. Alcolac, Inc.*, 888 F. Supp. 1388, 1394 (S.D. Tex. 1995)).
[29] R. Doc. 1-6 at pp. 4-6.

medical expenses, and lost wages/earnings and/or earning capacity.[30] It is well-settled in this Circuit that pleading general categories of damages, such as pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc., without any indication of the amount of the damages sought, "does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." [31] Defendants did not provide any information regarding Plaintiff's injuries or damages in their Petition for Removal or their Memorandum in Support of Removal.[32] Another Section of this Court has repeatedly held that, "where a defendant produces no evidence about a plaintiff's injuries and merely relies on plaintiff's generic allegations of damages, the defendant fails to carry its burden of proof to justify removal."[33] Thus, Plaintiff's generic allegations of damages in the state court Petition are not sufficient to show that the amount in controversy is met in this case.

In the Petition for Removal, Defendants assert that the amount in controversy is likely to exceed $75,000 in this case based upon Plaintiff's denial of two requests for admission, in which Plaintiff was asked to admit that the amount in controversy does not exceed $75,000 and to admit that he'll reduce or limit his damages to

---

[30] *Id.* at p. 5.
[31] *Dunomes v. Trinity Marine Products, Inc.*, Civ. A. No. 14-1968, 2014 WL 7240158, at *3-4 (E.D. La. Dec. 19, 2014) (Wilkinson, M.J.) (quotation omitted) (citing authority).
[32] *See, generally*, R. Docs. 1 & 1-2.
[33] *Lewis v. Mountain Laurel Assurance Company*, Civ. A. No. 19-12634, 2020 WL 859507, at *2 (E.D. La. Feb. 21, 2020) (Milazzo, J.) (citing *Sims v. Family Dollar Stores of Louisiana, Inc.*, Civ. A. No. 18-8616, 2019 WL 140853, at *2 (E.D. La. Jan. 8, 2019) (Milazzo, J.)); *Sims*, Civ. A. No. 18-8616, 2019 WL 140853 at *2 ("Defendant has produced no evidence about Plaintiff's injuries in this case. Defendant's focus on Plaintiff's vague allegation of 'permanent disability' and loss of earning capacity in her petition is insufficient to carry its burden of proof to justify removal.").

$75,000.[34] As the Court previously advised in its April 11, 2023 Order, this Court has held that, "The burden on Defendants 'to produce information' that the amount in controversy exceeds $75,000 is an 'affirmative' one."[35] Accordingly, Defendants' reliance upon Plaintiff's negative responses to two requests for admission, alone, does not satisfy their affirmative duty to show that the amount in controversy is met in this case.[36]

Finally, Defendants concede that there is no evidence before the Court that Plaintiff, who allegedly suffered herniated discs as a result of the underlying incident, has received a surgical recommendation for his disc herniations.[37] As explained by another Section of this Court, "[T]his Court has repeatedly held that unoperated herniated discs do not meet the jurisdictional minimum."[38] Thus, reliance upon

---

[34] R. Doc. 1-2 at pp. 2-3.
[35] R. Doc. 4 at p. 2 (citing *Hill v. Alford*, Civ. A. No. 17-15737, 2018 WL 798243, at *4 (E.D. La. Feb. 9, 2018) (Brown, J.) (quoting *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999) (holding that defendant "had an affirmative burden to produce information . . . sufficient to show 'by a preponderance of the evidence that the amount in controversy exceed[ed] $75,000.'")).
[36] *See*, *Leger v. Hudson Ins. Co.*, Civ. A. No. 21-00248-BAJ-RLB, 2021 WL 3662071, at *2 (M.D. La. Aug. 18, 2021) (Jackson, J.) (finding the defendants' reliance upon plaintiff's negative response to a request for admission, counsel's correspondence regarding plaintiff's medical condition, and quantum research "falls far short of an 'affirmative showing.'"); *Cabrera v. Toys R Us-Delaware*, Civ. A. No. 12-1319, 2012 WL 2935685, at *2 (E.D. La. July 17, 2012) (Berrigan, J.) ("Accepting plaintiffs' admissions that they intend to seek more than the jurisdictional minimum (or, as in the cases above, deny that they don't intend to seek less than the jurisdictional minimum) would offer parties a tool to consent to subject matter jurisdiction, which is not permitted."). *See also*, *Leger*, Civ. A. No. 21-00248-BAJ-RLB, 2021 WL 3662071 at n.3 (discussing a split in authority regarding whether a plaintiff's response to a request for admission, standing alone, can satisfy 28 U.S.C. § 1332(a)'s amount in controversy requirement).
[37] R. Doc. 8-1 at p. 4.
[38] *Hitchens v. Bunch*, Civ. A. No. 21-1410, 2021 WL 5822639, at *5 (E.D. La. Dec. 8, 2021) (Milazzo, J.) (citing authority). *See*, *Sanderford v. Wal-Mart Inc.*, Civ. A. No. 19-292-JWD-EWD, 2019 WL 2179237, at *1 (M.D. La. May 20, 2019) (Wilder-Doomes, M.J.) ("[w]hether or not a herniated disc satisfied the amount in controversy often turns on whether surgery is recommended.") (quotation and internal quotation marks omitted); *Robinson v. Kmart Corp.*, Civ. A. No. 11-12, 2011 WL 2790192, at *4, n.4 (M.D. La. Apr. 28, 2011), *report and recommendation adopted*, 2011 WL 2937952 (M.D. La. July 14, 2011)) (internal quotation marks omitted).

Plaintiff's alleged disc herniation injuries is not sufficient to show that the amount in controversy is met.

Based on the foregoing, the Court finds that Defendants have failed to show that it is facially apparent from Plaintiff's state court Petition that his damages are likely to exceed $75,000. The Court further finds that Defendants have failed to submit evidence to show that Plaintiff's damages are likely to exceed $75,000. Because the removal statute is strictly construed and any doubt as to the propriety of removal must be resolved in favor of remand, the Court finds that Defendants have failed to carry their burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 in this case, exclusive of interest and costs. Thus, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 and remand is required.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Unopposed Motion to Remand[39] is **GRANTED.** This matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, May 18, 2023.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[39] R. Doc. 8.